■ JACK KAYE, Respondent, v. ASSOCIATED METALS & MINERALS CORPORATION, Defendant-Appellant and Third-Party Plaintiff. LURIA BROTHERS & COMPANY, INC., Third-Party Defendant.— In an action on contract by a former employee of the defendant Associated Metals & Minerals Corporation to recover a balance claimed to be due as salary and commissions and for services rendered, in which the said defendant interposed counterclaims for moneys advanced and for injunctive relief against plaintiff and a cross complaint for injunctive relief against the third-party defendant, the said defendant Associated appeals from an order of the Supreme Court, Westchester County, dated May 1, 1962, which denied its motion for a change of venue from said county to New York County; the motion having been made on the ground that the convenience of material witnesses and the ends of justice would be promoted by such change (Civ. Prac. Act, § 187, subd. 3). Order affirmed, with $10 costs and disbursements payable by defendant Associated to the plaintiff. No opinion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ MICHAEL LEHRER, an Infant, by His Guardian ad Litem, ARNOLD LEHRER, Respondent, et al., Plaintiff, v. CONRAD JOOS, Appellant, et al., Defendant.— In a negligence action to recover damages for personal injury and loss of services, defendant Joos appeals from so much of a judgment of the Supreme Court, Nassau County, entered March 7, 1962 upon a jury's verdict after trial, as is in favor of the infant plaintiff. Judgment, insofar as appealed from, affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ BETTY TYSON, as Administratrix of the Estate of HAROLD TYSON, Deceased, Appellant, v. FLOYD NIXON, Respondent.— In an action to recover damages for wrongful death and for conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered February 24, 1961 upon the decision and opinion of the court after a nonjury trial, dismissing the complaint on the merits. Judgment affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ BEN WELLENS et al., Copartners Doing Business under the Name of KATHY LAND CO., Appellants, v. PALISADES INTERSTATE PARK COMMISSION et al., Respondents.— In an action (1) pursuant to article 15 of the Real Property Law, for a determination that, with respect to plaintiffs' real property, said plaintiffs have a right of ingress and egress over the adjacent property of defendant Palisades Interstate Park Commission; or (2) in the alternative, pursuant to section 473 of the Civil Practice Act, for a declaratory judgment to the same effect, plaintiffs appeal from a judgment of the Supreme Court, Rockland County, entered January 12, 1962 upon the decision and opinion of said court (32 Misc 2d 101) after a nonjury trial, dismissing the complaint on the merits. Judgment affirmed, without costs. No opinion. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.